# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 11-10048
Summary Calendar

Lyle W. Cayce
Clerk

PATRICIA I CALLINS,

Plaintiff - Appellant

v.

SECRETARY JANET NAPOLITANO, Department of Homeland Security,
Transportation Security Administration,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-893

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Patricia Callins appeals, *pro se*, the district court's dismissal of her *in forma pauperis* civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court dismissed her complaint for failure to state a claim, reasoning that the complaint stated "nothing more than a conclusory allegation with no plausible, supporting facts." A district court may *sua sponte*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10048

dismiss a claim filed *in forma pauperis* if it "fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B).

After reviewing Callins's complaint, we agree with the district court that her complaint failed to state a claim. Callins's complaint did not plead sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —,129 S. Ct. 1937, 1949 (2009). To meet this pleading standard, Callins's complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Furthermore, we do not consider additional factual allegations stated in Callins's brief before this court, or in her notice of appeal, because those facts were not pled to the district court when it rendered its decision. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and documents either attached to or incorporated in the complaint.").

Accordingly, we AFFIRM the judgment of the district court dismissing Callins's claim without prejudice.